IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KATHY REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 124-132 |
| | ) |
| ZIKIAH BLACKWELL; MARY | ) |
| ELIZABETH DAVIS; CARLTON | ) |
| KNOWLTON; MICHAEL CODY GUINED; | ) |
| JAMIE L. WILSON, JR.; SELENA | ) |
| BLAKENSHIP; JESSICA NORRIS; | ) |
| MAKEBA CLARK; WENDY EDWARDS; | ) |
| RICHARD WOODS; HENRY COUNTY | ) |
| BOE; CLAYTON COUNTY BOE; SC | ) |
| STATE BOARD OF EDUCATION; and | ) |
| CLARKE COUNTY BOE, | ) |
| | ) |
| Defendants. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.    Screening the Complaint**

**A.    Background**

On August 13, 2024, Plaintiff filed the latest in an extensive list of federal cases filed in both Georgia and South Carolina containing substantially similar claims as the instant suit

arising out of the issuance of a Georgia arrest warrant, her later arrest in South Carolina, and subsequent denial of employment based on her inability to pass a background check because of her arrest on the allegedly improper warrant issued in Georgia.  See, e.g., Reaves v. Washington, et al., No. 4:23-CV-3847, doc. no. 8 (D.S.C. Aug. 8, 2023) (collecting cases), *adopted by* doc. no. 25 (D.S.C. Jan. 25, 2024) (recognizing case as twelfth concerning Georgia warrant and South Carolina arrest and imposing filing restrictions in District of South Carolina), attached hereto as Exhibit A; Reaves v. Guined, et al., No. 1:23-cv-00778, doc. no. 88 (N.D. Ga. July 25, 2024) (identifying six cases filed in Northern District of Georgia and imposing filing restrictions in that District), attached hereto as Exhibit B.  The instant case is the fifth case filed in the Southern District of Georgia, with the most recent cases – including this one – apparently aimed at attempting to circumvent the above-noted filing restrictions in other courts.  See Reaves v. Blanchard, CV 124-083 (S.D. Ga. June 3, 2024); Reaves et al. v. Kyler, et al., CV 124-065 (S.D. Ga. May 9, 2024); Reaves v. Hucko, CV 123-148 (S.D. Ga. Oct. 6, 2023); Reaves v. Foster, CV 121-120 (S.D. Ga. Aug. 11, 2021).

### B. Discussion

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

2

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Case Should Be Dismissed

This Court is familiar with Plaintiff. As explained above, she has filed five cases in this District based on the circumstances and subsequent consequences of the warrant issued by

3

the Richmond County Magistrate Court.[1]  Notably, Plaintiff filed this case in the Augusta Division of this District even though thirteen of the fourteen named Defendants are located outside of the Southern District and the vast majority of events about which Plaintiff complains also occurred outside this District.  The lone Defendant with ties to this District, Zikiah Blackwell, a deputy clerk for the Richmond County Magistrate's Office, is alleged to have improperly issued an arrest warrant on December 21, 2020, (doc. no. 1, pp. 7, 16), a date falling well outside the two-year statute of limitations for a § 1983 claim filed in Georgia.[2]

Moreover, this Court previously decided Plaintiff had no claim against Defendant Blackwell based on Plaintiff's allegations regarding conspiracy, the Fair Credit Reporting Act, Due Process, or conducting an improper investigation / issuing a warrant "outside of Georgia statutory authority" and that Defendant Blackwell has judicial immunity to the extent she was acting in a judicial capacity and within her subject matter jurisdiction when issuing the arrest

---

[1] Plaintiff has also attempted to improperly remove two cases to federal court, both of which were remanded.  See DGBJSH Family Props., LLC v. Reaves, CV 119-113, doc. no. 19 (S.D. Ga. Sept. 4, 2019); State of Ga. et al. v. Reaves, et al., CV 119-070, doc. no. 9 (S.D. Ga. May 29, 2019), adopted by doc. no. 15 (S.D. Ga. July 10, 2019).  A third case related to Plaintiff's former employment in the Richmond County, Georgia school system was dismissed for failure to state a claim upon which relief could be granted.  See Reaves v. Medlin et al., CV 119-029, doc. no. 5 (S.D. Ga. May 7, 2019), adopted by doc. no. 7 (S.D. Ga. June 7, 2019).

[2] State law controls the length of the statute of limitations period in § 1983 actions.  Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (per curiam); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (per curiam); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).  Plaintiff has previously conceded she knew about the warrant in July of 2021, when she had an employment offer revoked in Athens, Georgia.  See Reaves v. Hucko, CV 123-148, doc. no. 8, pp. 22-23.

warrant. Reaves v. Hucko, CV 123-148, doc. no. 29, pp. 7-12, *adopted by* doc. no. 32. With the remainder of Plaintiff's allegations related to activity outside of the Southern District of Georgia, venue in this Court is improper. See 28 U.S.C. § 1391(b).

Given that venue is improper in this District, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (*per* curiam) ("[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of discretion." (citation omitted).) As described above, Plaintiff has filed over twenty cases related to the events underlying the current complaint and had filing restrictions imposed in two other Districts where the case might possibly be transferred. Thus, the Court concludes it would not be in the interest of justice to transfer and instead recommends dismissal and, as described below, the imposition of filing restrictions in the Southern District of Georgia. See Martin v. Dist. of Columbia Ct. of App., 506 U.S. 1, 3 (1992) (*per curiam*) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." (citation omitted)); see also Moore v. Brown, No. 3:22cv02311, 2022 WL 18108679, at *1 (N.D. Fla. Nov. 7, 2022) (citing Daker v. Ward, 999 F.3d 1300, 1305-06 (11th Cir. 2021) and collecting cases for proposition that cases involving same or substantially similar claims against many of same defendants subject to dismissal as malicious), *adopted by* 2023 WL 35215 (N.D. Ga. Jan. 4, 2023).

### 3.   Proposed Filing Restrictions

In Plaintiff's case dismissed in this Court on July 16, 2024, the Court warned Plaintiff that if she continued her abusive filings in the Southern District, the Court would not hesitate to enact filing restrictions in the Southern District.  See CV 124-065, doc. no. 14, p. 2.  That time has come.  The Court should no longer tolerate Plaintiff's frivolous and vexatious filings, as they impair the Court's ability to adjudicate the legitimate claims of other litigants.  Accordingly, should the presiding District Judge agree, the Court recommends imposition of the following restrictions upon all of Plaintiff's *pro se* filings the Clerk of Court receives from Plaintiff after entry of a final order on this Report and Recommendation.

a.   As to any of Plaintiff's future filings,[3] the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Plaintiff, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit.  Only if the filing alleges a plausible claim for relief will the Court allow it to be filed.  Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise.  This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention."  Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).  Thus, although the Court will read and consider all of Plaintiff's future filings, it will not necessarily enter an order addressing each one.  If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk

---

[3]The Court defines "filings" to include motions, papers, letters, complaints, or any other documents Plaintiff seeks to file with the Court.

**SHALL**, without awaiting any further direction, notify Plaintiff her case has been dismissed without prejudice.

b.  The Clerk **SHALL NOT** docket any further filings in this case. The Clerk also **SHALL NOT DOCKET** any further filings in a case dismissed pursuant to the directive above except for a notice of appeal. The originals of all such filings shall be returned to Plaintiff. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Plaintiff **SHALL** remain responsible for appellate fling fees, or she may move the Court to grant IFP status on appeal.

c.  To ensure Plaintiff's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Plaintiff are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

d.  Plaintiff may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

e.  These filing restrictions do not apply to any criminal or civil case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

f.  A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

## II.  Conclusion

As this case does not belong in the Southern District and a transfer would not be in the interest of justice, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED**, the filing restrictions set forth herein be imposed on Plaintiff's future filings in this District, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA