IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KATHY REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-132 |
| | ) | |
| ZIKIAH BLACKWELL; MARY | ) | |
| ELIZABETH DAVIS; CARLTON | ) | |
| KNOWLTON; MICHAEL CODY GUINED; | ) | |
| JAMIE L. WILSON, JR.; SELENA | ) | |
| BLAKENSHIP; JESSICA NORRIS; | ) | |
| MAKEBA CLARK; WENDY EDWARDS; | ) | |
| RICHARD WOODS; HENRY COUNTY | ) | |
| BOE; CLAYTON COUNTY BOE; SC | ) | |
| STATE BOARD OF EDUCATION; and | ) | |
| CLARKE COUNTY BOE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 9, 11.) In both the "objections"[1] and other submissions subsequent to entry of the recommendation for dismissal and imposition of filing restrictions, Plaintiff, and various others who have improperly attempted to join the case, alternately state their acceptance of the recommendation to dismiss this case and to impose filing restrictions, ask to rescind an amended pleading

---

[1] One filing docketed as an objection is actually titled "Plaintiffs Second Response to Report and Recommendations and Amended to Add Parties." (Doc. no. 9.)

purporting to add Plaintiffs and Defendants, and then revert to again contesting the dismissal of the case. (Doc. no. 9, p. 2; doc. no. 10, p. 10; doc. no. 11.) Nothing in these convoluted filings changes the analysis that this case is due to be dismissed and filing restrictions are warranted.

Accordingly, the Court **GRANTS** the motion to rescind the amended complaint, (doc. no. 10)[2], and **DENIES AS MOOT** the motion for leave to proceed *in forma pauperis* signed by Siobhan Reaves and Jasmine Patrice, (doc. no. 7).[3] Furthermore, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Plaintiff's complaint.

The Court also **IMPOSES** the following filing restrictions upon all of the future *pro se* filings in the Southern District of Georgia that the Clerk of Court receives from Plaintiff after entry of this Order.

1.   As to any of Plaintiff's future filings,[4] the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Plaintiff,

---

[2] "Siobhan and Jasmine, however, are rescinding their complaint and are not pleading any claims before this Court under CV 124-0132 and will accept the Court's report and recommendation to dismiss this claim with prejudice against Kathy and also issue a pre-filing injunction against Kathy. . . ." (Doc. no. 10, p. 10.)

[3] Accordingly, even though Siobhan and Jasmine Patrice were listed on the docket by the Clerk of Court, they are not Plaintiffs in this case. Indeed, as the Court has previously explained in another case filed by Kathy Reaves, "[I[f multiple plaintiffs seek to proceed [IFP], each plaintiff must qualify for IFP status." Reaves et al. v. Kyler et al., CV 124-065, doc. no. 14, pp. 1-2 (S.D. Ga. July 16, 2024) (citation omitted and collecting cases). No one other than Kathy Reaves has been granted permission to proceed IFP in this case. Nor are the following Defendants parties in the case even though they were added to the docket by the Clerk of Court when the now-withdrawn amended complaint was filed: Vickie W. Hester, Jasper County BOE (SC), Rechel Anderson, and Wesley Terrill.

[4] The Court defines "filings" to include motions, papers, letters, complaints, or any other documents Plaintiff seeks to file with the Court.

forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." <u>Alexander v. United States</u>, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Plaintiff's future filings, it will not necessarily enter an order addressing each one. If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Plaintiff her case has been dismissed without prejudice.

2. The Clerk **SHALL NOT** docket any further filings in this case. The Clerk also **SHALL NOT DOCKET** any further filings in a case dismissed pursuant to the directive above except for a notice of appeal. The originals of all such filings shall be returned to Plaintiff. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Plaintiff **SHALL** remain responsible for appellate fling fees, or she may move the Court to grant IFP status on appeal.

3. To ensure Plaintiff's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Plaintiff are

immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Plaintiff may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

5. These filing restrictions do not apply to any criminal or civil case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

6. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

After the Magistrate Judge recommended imposition of these sanctions, Plaintiff enlisted surrogates not only to attempt to improperly join this case, but also to file new lawsuits alleging the same meritless facts and claims the Court has previously rejected. See Siobhan Reaves et al. v. Hester, et al., CV 124-159 (S.D. Ga. Sept. 6, 2024). Such obvious circumvention efforts will not be tolerated. Accordingly, the above filing restrictions and sanctions apply to any lawsuit alleging the same or substantially similar facts as set forth in the case *sub judice*, regardless of who is listed as the plaintiff.

Upon the foregoing, the Court **DIRECTS** the **CLERK** to **TERMINATE** all motions and deadlines and **CLOSE** this case.

SO ORDERED this 18th day of September, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA